THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. NICHOLAS V. C. MONNETT AND JOHN PLANZ, PLAINTIFF IN ERROR.

Argued January 18, 1933—Decided August 16, 1933.

Before Justices Bodine and Donges.

For the plaintiffs in error, *Minturn & Weinberger; Chandless, Weller & Selser (Harry H. Weinberger).*

For the defendant in error, *George F. Losche.*

Per Curiam.

The indictment charges that the defendants, Monnett and Planz, being members of the township committee of the township of Lodi, did aid in obtaining for the Sette Excavation and Construction Company from the township of Lodi the sum of $1,000 not lawfully and justly due.

Although the record contains two hundred and seventy-three pages, the actual testimony appears in approximately fifty-four pages. Lengthy arguments addressed to questions asked witnesses cover eighty-seven printed pages. There are no less than sixty-seven assignments of error and the brief for the plaintiffs in error contain eighty-one pages. We have made a careful examination of the entire record, and every point argued on this appeal in order to determine whether there is any merit suggested. We have come, after careful consideration, to the conclusion that there is no merit in the appeal.

Nicholas V. C. Monnett and John Planz were township committeemen of Lodi township and attended a meeting held June 25th, 1929. Monnett was chairman. Charles Nove was township collector and Joseph Frederick Bratt, township attorney. At this meeting Monnett stated that he was en-

titled to $1,000 for all the work he had done in floating township bonds. He was told by the township attorney that he could not get this money in his own name; that he would have to put it in someone else's name. A resolution was then offered and passed, whereby it was resolved that a bill of the Sette Company for $1,000 be paid by check No. 651, Committeeman Planz voting affirmatively. The warrant for this payment bears date June 25th, 1929, and was signed by Monnett as president of the committee and attested by Township Clerk Wolf. On the margin appears the words "Accepted Payable at Little Ferry National Bank, Little Ferry, N. J., Charles Nove, Collector of Taxes." It bears also the endorsement of the Sette Company and was paid at the bank of Bogota. The warrant on the night of the meeting was given to Mr. Girsafe of the Sette Company. At the same meeting an account of the Sette Company in the sum of $16,622.10 was also paid. Prior to the issuance of this warrant for $1,000, no voucher had been presented for payment. On August 19th, a bill of the Sette Company for $577.50 was received and Wolf subscribed to the jurat as of the 25th day of June, 1929. At the same time another voucher for $500 was presented and handled in precisely the same way. The bookkeeper for the Sette Company testified that he never received the $1,000 warrant. He, however, made out the bills for the $500 and $577.50. The date was not in his handwriting. The bookkeeper did not know where the data for these bills came from. The bills had nothing to do with the usual work of the company. A check of the Sette Company drawn to the order of "cash," dated June 28th, 1929, was made out and given to Girsafe, but no entries were set up in the company's books. The township warrant for $1,000 was deposited in the bank to the credit of the Sette Company. The check of the corporation for $1,000 was cashed by Girsafe. The township attorney wrote to the collector on July 11th, 1929, calling his attention to the necessity of having detailed bills signed and sworn to by persons claiming moneys before making disbursements. Later the Sette Company's bills were presented and the false jurat was signed. The defendant Monnett said at a council meeting that he had received $700.

There is no dispute that Monnett and Planz were officers of the township of Lodi. The issue submitted to the jury was whether these men, who were members of the township committee, voted money to the Sette Company which they knew was not lawfully due and owing to that concern. The judge charged the jury that it was necessary for the state to show that Monnett and Planz participated as members of the township committee in an unlawful payment, and that the Sette Company received the money not lawfully due.

From the foregoing, it is apparent that the only proof before the court demonstrated that the state had made out a case within the four corners of the indictment. The only inference that a reasonable person could draw from the testimony is that this $1,000 was not due to the Sette Company and was not claimed by them as due. It was not only not handled in the regular course of business but no bills were presented until long after the payment had been made. The bills were presented because of a letter from the township's attorney and were made up without any reference to the books of the company. Further, no entries were ever made respecting the transaction upon the Sette Company's books .

We have carefully examined the charge of the court and do not regard it as faulty or prejudicial. It is long but presents a very clear analyses of the questions to be considered by the jury. They were properly charged as to the rights of the defendants and their duty as jurymen to find the facts in accordance with the law and their oaths.

We do not regard the indictment as insufficient, and we do not believe that the question of its invalidity is before this court, but if it is we see no merit in it. There was absolutely no evidence received of testimony given by either defendant in the Supreme Court investigation of the Lodi township matters. They were not compelled to give testimony against themselves in any sense of the word, nor was any such testimony, if given, used against them.

Having examined the whole case with great care, we can only conclude that there is no merit whatever in any of the assignments of error, and the convictions are, therefore, affirmed.